# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRADLEY MEDINA and SVETLANA KRIVENCHEVA,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, COURTNEY L. MAPES, M.D., AND DOE ONE THROUGH DOE FIFTY, INCLUSIVE,**<br><br>Defendants. | CASE NO. 1:20-CV-01030-AWI-SKO<br><br>**ORDER ON DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND**<br><br>(Doc. Nos. 7 & 8) |

This matter is before the Court on Defendant United States' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Plaintiffs Bradley Medina and Svetlana Krivencheva's motion to remand pursuant to 28 U.S.C. § 1447(c). Doc. Nos. 7 & 8. For the reasons set forth below, the Court will deny Plaintiffs' motion and grant Defendant's.

## BACKGROUND

On February 7, 2020, Plaintiffs Bradley Medina and Svetlana Krivencheva, husband and wife, filed a complaint in Tulare County Superior Court against Family Healthcare Network, Courtney L. Mapes, M.D., and Does One through Fifty. Doc. No. 1-1. Therein, they alleged that Medina suffered harm caused by Defendants' medical malpractice and that Krivencheva suffered damages as a result of Defendants' negligent treatment and care of her husband. Collectively, Plaintiffs sought general and special damages.

On July 24, 2020, the United States removed the action to this Court pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c). Doc. No. 1. With the

removal notice, the United States provided a certification that Defendant Family Healthcare Network was an employee of the United States Public Health Service and was acting within the course and scope of such employment at the time of the incidents alleged in Plaintiffs' complaint. Doc. No. 1-2.  Thereafter, the United States noticed its substitution for Family Healthcare Network as a named Defendant in this action.  Doc. No. 5.

On August 7, 2020, the United States filed a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.  Doc. No. 7.  On August 21, 2020, Plaintiff filed a motion to remand the action to state court, and also later filed an opposition to the motion to dismiss.  Doc. Nos. 8 & 9.  The United States then filed a reply, which addressed both motions.  Doc. No. 11.

## DISCUSSION

The United States seeks dismissal from this case on the grounds that Plaintiffs failed to comply with the jurisdictional requirement under the Federal Tort Claims Act to exhaust all administrative remedies before filing suit.[1]

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2660, waives the federal government's sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment.  See D.L. ex rel. Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017); Terbush v. United States, 516 F.3d 1125, 1128 (9th Cir. 2008).  Therefore, under the FTCA, the United States can be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); Nanouk v. United States, 974 F.3d 941, 944 (9th Cir. 2020).  To take advantage of this waiver, however, claimants seeking damages against the United States in federal court are required by the FTCA to exhaust their administrative remedies.  28 U.S.C. § 2675(a); Booth v. United States, 914 F.3d 1199, 1202

---

[1] Motions to dismiss under Rule 12(b)(1) come in two forms:  a facial challenge is confined to the allegations in the complaint, while a factual challenge enables the court to look beyond the complaint to extrinsic evidence.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The United States makes a factual challenge in their 12(b)(1) motion.  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

(9th Cir. 2020).  Under § 2675(a), an administrative claim is considered exhausted once the relevant federal agency issues a final denial in writing and by certified or registered mail, or the agency fails to make final disposition within six months after a claim is filed.  Id.; Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1034 (9th Cir. 2013).  The exhaustion requirement is jurisdictional, which means "it 'must be strictly adhered to.  This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States.'"  Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992)).  The court is not allowed "to proceed in the absence of fulfillment of the [FTCA] conditions merely because dismissal would visit a harsh result upon the plaintiff."  Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

With its motion to dismiss, the United States filed the declaration of Meredith Torres, a Senior Attorney in the General Law Division of the Office of the General Counsel for the Department of Health and Human Services.  Doc. No. 7-2.  Therein, Ms. Torres attested to her familiarity with the Department's official records of administrative tort claims as well as the system by which those records are maintained.  Id., ¶ 1.  Ms. Torres further declared that she reviewed Department records regarding an administrative tort claim related to Family Healthcare Network's provision of medical care that was filed by Plaintiffs' counsel on May 5, 2020.  Id., ¶¶ 3, 4.  As of July 14, 2020, Ms. Torres declared, "no final disposition has been made" in this administrative action.  Id., ¶ 4.

Plaintiffs do not challenge this declaration.[2]  Instead, Plaintiffs oppose the United States' dismissal and seek remand of the entire action on the grounds that the original removal of this action was procedurally defective because the United States did not wait until their administrative tort claim was finally disposed.[3]  The United States asserts it complied with the relevant removal statute, 42 U.S.C. § 233(c).  The United States is correct.

---

[2] As part of their motion to remand, Plaintiffs produced a declaration from counsel that states the administrative tort claim was filed on or about April 28, 2020.  Doc. No. 8-2.  A copy of the claim showing that signature date is attached.  Id.  While different from Ms. Torres's declaration that the claim was filed on May 5, 2020, Plaintiffs do not dispute that as of July 14, 2020, the administrative claim had not been finally disposed pursuant to § 2675(a).

[3] Plaintiffs present virtually identical arguments in their motion to remand and their opposition to the United States' motion to dismiss.

The Federally Supported Health Centers Assistance Act provides that the exclusive remedy for damages resulting from the performance of medical functions by Public Health Service employees acting within the scope of their employment is a claim against the United States under the FTCA. 42 U.S.C. § 233(g); Vassilev, 858 F.3d at 1244. The Act also authorizes the Attorney General to remove a state court action "at any time before trial" by certifying that a defendant employee was acting within the scope of his employment at the time of the incident giving rise to the suit. § 233(c). Upon removal, the proceeding is treated as a tort action brought against the United States under the FTCA. Id.; Vassilev, 858 F.3d at 1244.

With its notice of removal, the United States filed a certification from David T. Shelledy, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of California. Doc. No. 1-2. Therein, Mr. Shelledy certified that Defendant Family Healthcare Network "was a deemed employee of the Public Health Service and was acting within the course and scope of such employment at the time of the incidents alleged in [Plaintiffs' state court] Complaint." Id., ¶ 2.

Plaintiffs do not challenge this certification. Instead, they contend the United States should have waited for final disposition of their administrative claim because § 233(c) states that removal may occur "at any time before trial." Yet, Plaintiffs offer no authority to suggest removal under § 233(c) is subject to such a prerequisite. To the contrary, the statutory text that Plaintiffs rely on directly contradicts their theory that removal here was improperly premature.

In sum, while this action was properly removed under § 233(c), the Court lacks subject-matter jurisdiction over Plaintiffs' claims against the United States because Plaintiffs have not shown they complied with the exhaustion requirement under § 2675. Thus, dismissal of Plaintiffs' claims against the United States is appropriate. Because dismissing those claims extinguishes the only viable basis for federal jurisdiction, there is no reasonable basis for exercising jurisdiction over Plaintiffs' remaining state law claims against the other named defendants. Therefore, the Court finds it appropriate to remand the remainder of this action to state court.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant United States' motion to dismiss (Doc. No. 7) is GRANTED and Plaintiffs' claims against Defendant United States, sued as Family Healthcare Network, are DISMISSED without prejudice;

2. Plaintiffs' motion to remand this entire action (Doc. No. 8) is DENIED;

3. The Clerk shall REMAND the remainder of this action forthwith to the Tulare County Superior Court.

IT IS SO ORDERED.

Dated:   November 5, 2020                     _____
                                              SENIOR DISTRICT JUDGE